## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| CONFIRMATRIX LABORATORY, INC., | Case No.: 16-69934 |
| Debtor. | |

## MOTION FOR (I) INTERIM AND FINAL ORDERS AUTHORIZING INTERIM AND FINAL USE OF CASH COLLATERAL BY DEBTOR-IN-POSSESSION PURSUANT TO 11 U.S.C. §§ 361 AND 363; AND (II) TO SCHEDULE A FINAL HEARING

Pursuant to §§ 361 and 363(c) of Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**) and Bankruptcy Local Rule 9013-4, Confirmatrix Laboratory, Inc., debtor and debtor-in-possession in the above-styled chapter 11 case (**"Debtor"**), hereby files this *Motion for (I) Interim and Final Orders Authorizing Interim and Final Use of Cash Collateral by Debtor-in-Possession Pursuant to 11 U.S.C. §§ 361 and 363; and (II) to Schedule a Final Hearing* (the **"Motion"**), respectfully showing as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested herein are §§ 105, 361, and 363 of the Bankruptcy Code.

### BACKGROUND

3.      On November 4, 2016 (the **"Petition Date"**), Debtor filed its voluntary petition for relief under the Bankruptcy Code.

4.      Debtor is a Georgia corporation with a principal place of business located at 1770 Cedars Road, Suite 200, Lawrenceville, GA 30045. Debtor's business is providing

laboratory services, including, but not limited to, comprehensive clinical quantitative urine, blood, and oral fluid drug testing, medication monitoring, and support services. Debtor employs approximately 152 employees.

5.      Debtor's laboratory business is focused on two main areas of laboratory testing services: toxicology and blood testing. Debtor, although historically very profitable, began experiencing financial troubles when recent changes to Medicare's reimbursement rates resulted in a decrease of Debtor's revenue from its toxicology testing business. The blood testing side of the business has been for the most part unaffected by the Medicare changes and continues to be a viable business.

6.      As permitted by Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business as a debtor in possession. No Chapter 11 trustee or committee has been appointed in this Case.

### *SunTrust Line of Credit*

7.      On February 1, 2016, Debtor executed that certain commercial note with SunTrust Bank ("**SunTrust**") providing for a revolving line of credit of up to $6,000,000.00 (the "**Note**"). As of the Petition Date, there was no payment default and the current principal balance on the Note was $4,000,000.00 (the "**Pre-Petition Debt**").

8.      The repayment of the SunTrust Note is purportedly secured by a Security Agreement (Commercial) dated February 1, 2016, by and between Debtor and SunTrust wherein Debtor purportedly granted SunTrust a security interest in substantially all of Debtor's assets, including accounts receivable, inventory, and equipment, but excluding the Real Property as that term is defined below (the "**SunTrust Collateral**").

9.      Pursuant to 11 U.S.C. § 541(a)(1) and (6), all of the SunTrust Collateral allegedly securing Debtor's obligations to SunTrust are property of Debtor's Chapter 11 estate and subject to the exclusive jurisdiction of this Court.

10.     Nothing herein constitutes an admission of the validity, priority and/or extent of SunTrust's lien(s), and specifically whether any post-petition cash constitutes cash collateral. Debtor reserves the right to amend and/or supplement this Motion.

11.     Immediately prior to the filing of its Chapter 11 Petition, Debtor's primary operating bank accounts are located at SunTrust. Debtor's operating accounts are not lockbox accounts and neither SunTrust nor any other party is allowed control of Debtor's operating accounts.

12.     As of the Petition Date, Debtor's primary assets are valued at approximately $10,670,000.00-12,770,000.00 and consist of (i) 2.5 acres of land and certain improvements located thereon in Gwinnett County, more commonly known as 1770 Cedars Road, Suite 200, Lawrenceville, GA 30045 (the "Real Property"), with a current tax assessor's value of $1,275,000.00; (ii) approximately $6-7 million in collectible accounts receivable; (iii) $95,000.00 in cash; and (iv) equipment consisting of 22 laboratory diagnostic machines commonly referred to as LCMS machines with estimated value between $3.3 million to $4.4 million (the "**Equipment**"). The Real Property is unencumbered property which houses Debtor's laboratory and headquarters. Debtor also has a capital lease with SunTrust Equipment Finance & Leasing Corp. for five (5) additional LCMS machines with estimated value between $750,000.00 and $1,000,000.00 (the "**Capital Leases**").[1] As of the Petition Date, the outstanding balance on these Capital Leases was $365,599.37.

---

[1] Debtor reserves its right to challenge the classification of the Capital Leases.

## RELIEF REQUESTED

13.    Pursuant to 11 U.S.C. § 363(c)(2)(B), Debtor moves for the entry of an order pursuant to 11 U.S.C. § 361 and 363 for interim and final orders authorizing Debtor's use of SunTrust's purported cash collateral (the "**Cash Collateral**") in accordance with the proposed six (6) month budget (the "**Budget**") attached hereto as Exhibit "A," and provision of adequate protection for such use, to the extent such use results in a diminution of pre-petition collateral securing SunTrust's obligations. Debtor's proposed use of the Cash Collateral is to pay the reasonable and necessary expenses, including, but not limited to, salaries and payroll, supplies, taxes, insurance, professionals' fees, and thereby maintain the going concern value of its business, pending consummation of a Chapter 11 Plan. The use of Cash Collateral is necessary for the operations of Debtor and, through the adequate protection offered below, SunTrust will continue to be adequately protected under the terms of the proposed order granting the Motion.

## OFFER OF ADEQUATE PROTECTION

14.    The offer of adequate protection to SunTrust is as follows:

a.    SunTrust will be adequately protected by the existing equity cushion in the SunTrust Collateral;

b.    SunTrust will be granted a replacement lien in the SunTrust Collateral to the same extent, validity and priority of SunTrust's pre-petition liens thereon; and

c.    As an additional safety net for the benefit of and as additional adequate protection provided to SunTrust, SunTrust will be granted a lien in the Real Property which can only be enforced in the unlikely event that the value of the SunTrust

4

Collateral ultimately is less than the allowed claim of SunTrust.

15.    The security interests and liens granted to SunTrust in connection with the use of Cash Collateral will be valid and perfected without the need for the execution or filing of any further documents or instruments.

## GROUNDS FOR RELIEF REQUESTED

16.    Section 363(c)(2)(B) of the Bankruptcy Code allows a debtor to use cash collateral if the entity who has an interest in such cash collateral consents or the court authorizes same after notice and a hearing.[2] A debtor is required to provide creditors with adequate protection only when the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property."[3] Under Section 361 of the Bankruptcy Code, adequate protection may consist of cash payments or a replacement lien to offset any diminution in the value of the collateral, or some other relief that provides the creditor with the "indubitable equivalent" of its interest in the property.[4]

17.    In the present case, Debtor proposes to use the Cash Collateral for expenses strictly in accordance with the terms of the Budget which would allow Debtor to continue operations without any disruptions. The expenses incurred by Debtor and for which the Cash Collateral will be used will all be incurred in the normal and ordinary course of Debtor's business. The use of the Cash Collateral will enable Debtor to preserve the value of Debtor's business and property until Debtor's chapter 11 plan is confirmed. If Debtor is not allowed to use the Cash Collateral, Debtor will suffer immediate and irreparable harm to the estate as the

---

[2] 11 U.S.C. § 363(c)(2)

[3] 11 U.S.C. §§ 361, 363(e); See United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 370-73 (1988).

[4] In re Putnal, 483 B.R. 799, 802 (Bankr. M.D. Ga. 2012) aff'd sub nom. Putnal v. SunTrust Bank, 489 B.R. 285 (M.D. Ga. 2013); See also In re Coody, 59 B.R. 164, 167 (Bankr. M.D. Ga. 1986); In re Dixie-Shamrock Oil & Gas, Inc., 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

Cash Collateral is Debtor's primary source of income and is essential to maintaining the operations of its business without undue interruption. Consequently, use of Cash Collateral to preserve Debtor's ongoing operations is also in the best interest of the secured creditors and the estate as it will ensure preservation of the value as a going concern.

18.    A debtor is required to provide creditors with adequate protection only when the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property."[5]

19.    Here, SunTrust's purported claim is approximately $4,000,000.00, whereas the SunTrust Collateral includes collectible accounts receivable currently estimated to be $6-7 million and 22 laboratory diagnostic machines commonly referred to as LCMS machines with estimated value of between $3.3 million and $4.4 million, plus inventory and other personal property of undetermined value.  As such, SunTrust enjoys a very substantial equity cushion of at least 232% to 285%.  In light of this fact, the value of the SunTrust Collateral more than adequately protects SunTrust. The existence of value in the collateral above the amount of the secured claim, also known as equity cushion, is sufficient to constitute adequate protection for the secured creditor.

20.    Courts have noted that in some cases an equity cushion in property alone may provide a creditor with adequate protection of its interest.[6]  Courts have also almost uniformly held that an equity cushion of twenty percent (20%) or more alone without the need for

---

[5] 11 U.S.C. §§ 361, 363(e); See United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 370-73 (1988).

[6] Matter of May, 169 B.R. 462, 472 (Bankr. S.D. Ga. 1994), In re Fortune Smooth (U.S.) Ltd., 93 B 40907 (JLG), 1993 WL 261478, at *6 (Bankr. S.D.N.Y. July 6, 1993) ("Thus, although not among the stated examples in § 361 of the Code, in appropriate circumstances an equity cushion in and of itself can constitute adequate protection.")).

additional payment constitutes adequate protection.[7] In at least one case, a court has declined to approve the proposed adequate protection for being excessive and unnecessary where the debt owed was only $36,988.00, the creditor already had a lien on all assets of the debtor including the accounts receivable which were valued at $86,600.00, and the debtor has already proposed a reorganization.[8]

21.    Nevertheless, as further adequate protection to SunTrust, Debtor proposes to grant SunTrust a replacement lien in the SunTrust Collateral to the same extent, validity and priority of SunTrust's pre-petition liens thereon.   In addition, Debtor proposes to grant SunTrust a lien in the Real Property which can only be enforced in the unlikely event and to the extent that the value of the SunTrust Collateral ultimately is less than the allowed claim of SunTrust.   The Real Property consists of unencumbered real property on which the Debtor's lab is situated and which conservatively is worth approximately $1,275,000.00. Thus, when including the value of the SunTrust Collateral, Debtor submits that the equity cushion is increased to approximately 264% to 316%.

22.    Section 361(2) of the Bankruptcy Code expressly provides that the granting of a replacement lien constitutes means for providing adequate protection. 11 U.S.C. § 361(2). Here, granting SunTrust the aforementioned replacement liens will provide SunTrust with

---

[7] Id.; In re McKillips, 81 B.R. 454 (Bkrtcy.N.D.Ill.1987), In re Harrington & Richardson, Inc., 48 B.R. 431 (Bankr. D. Mass. 1985), In re Llewellyn, 27 B.R. 481 (Bankr. M.D. Pa. 1983); In re Senior Care Properties, Inc., 137 B.R. 527, 529 (Bankr. N.D. Fla. 1992) (the court refused to lift the stay and grant additional adequate protection to the movant creditor where among other things the movant creditor was protected by an 18% equity cushion and the debtor was showing a reasonable likelihood of reorganizing, was current with its real estate taxes and had just filed its plan of reorganization); In re Las Torres Dev., L.L.C., 413 B.R. 687, 697 (Bankr. S.D. Tex. 2009), (the court held that given the sufficient equity cushion of 40.6% for one tract and 29.7% for the other, the debtors were authorized to use the lender's cash collateral to pay administrative expenses of the estate such as attorneys' fees and U.S. Trustees fees).
[8] In re Gallegos Research Group, Corp., 193 B.R. 577, 586 (Bankr. D. Colo. 1995).

7

sufficient adequate protection.[9]

23.    The substantial equity cushions in conjunction with the grant of replacement liens and lien on the Real Property to SunTrust is more than sufficient adequate protection for the use of the Cash Collateral requested herein. In light of the foregoing, Debtor submits that the use of the Cash Collateral is appropriate in accordance with the Budget, and that the interests of all creditors will be adequately protected by providing replacement liens to the same extent, validity and priority as their prepetition liens, as well as the existence of an equity cushion.

## NOTICE OF THIS MOTION

24.    No Chapter 11 trustee or creditors' committee has been appointed in this case as of the filing of the Motion. Notice of this Motion shall be provided to the Office of the United States Trustee, SunTrust, and the twenty largest unsecured creditors, via electronic means or facsimile, if available, or via United States First Class Mail if electronic means or facsimile are unavailable, which Debtor submits is sufficient notice under the circumstances and that no further notice is necessary.

WHEREFORE, Debtor requests that this Court (a) grant the Motion on an interim basis and enter the order attached hereto as Exhibit "B"; (b) schedule a final hearing on not less than 14 days' notice; and (c) grant such further and other relief as is just and proper.

[SIGNATURES CONTAINED ON FOLLOWING PAGE]

---

[9] See In re Coody, 59 B.R. 164, 167 (Bankr. M.D. Ga. 1986); In re Dixie-Shamrock Oil & Gas, Inc., 39 B.R. at 118.

Respectfully submitted this 4th day of November, 2016.

JAMES-BATES-BRANNAN-GROOVER-LLP

By:    /s/ J. William Boone
       J. William Boone
       Georgia Bar No. 067856
       Doroteya N. Wozniak
       Georgia Bar No. 627491
3399 Peachtree Road, N.E.
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
bboone@jamesbatesllp.com
dwozniak@jamesbatesllp.com
*Counsel for Confirmatrix Laboratory, Inc.*

9

**EXHIBIT "A"**
<u>Budget</u>

<u>(Attached)</u>

| | Nov 16 | Dec 16 | Jan 17 | Feb 17 | Mar 17 | Apr 17 |
|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | |
| 4001 Fees Billed | 1,200,000.00 | 1,000,000.00 | 600,000.00 | 400,000.00 | 400,000.00 | 500,000.00 |
| A/R Recovery | 0.00 | 475,200.00 | 475,200.00 | 475,200.00 | 475,200.00 | 475,200.00 |
| **Total Income** | 1,200,000.00 | 1,475,200.00 | 1,075,200.00 | 875,200.00 | 875,200.00 | 975,200.00 |
| **Cost of Goods Sold** | | | | | | |
| 7000 · COST OF GOODS SOLD | | | | | | |
| 7010 · Contract Labor | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| 7020 · Distributor Commissions | 600,000.00 | 400,000.00 | 300,000.00 | 200,000.00 | 100,000.00 | 0.00 |
| 7030 · Lab Consumables | 100,000.00 | 60,000.00 | 36,000.00 | 36,000.00 | 36,000.00 | 36,000.00 |
| 7040 · Lab Shipping & Delivery | 60,000.00 | 36,000.00 | 21,600.00 | 21,600.00 | 21,600.00 | 21,600.00 |
| 7050 · Lab Waste Removal | 10,000.00 | 6,000.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 |
| 7060 · Lease - Clinic Space | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 7090 · Lab - Repairs & Maintenance | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| 7100 · Payroll | 547,800.00 | 328,680.00 | 197,208.00 | 197,208.00 | 197,208.00 | 197,208.00 |
| 7210 · Billing | 72,000.00 | 59,008.00 | 43,008.00 | 35,008.00 | 35,008.00 | 39,008.00 |
| 7220 · Lab - Consulting Fees | 30,000.00 | 30,000.00 | 30,000.00 | 30,000.00 | 30,000.00 | 30,000.00 |
| **Total 7000 · COST OF GOODS SOLD** | 1,423,800.00 | 923,688.00 | 635,416.00 | 527,416.00 | 427,416.00 | 331,416.00 |
| **Gross Profit** | -223,800.00 | 551,512.00 | 439,784.00 | 347,784.00 | 447,784.00 | 643,784.00 |
| **Expense** | | | | | | |
| 401k Catch-up | 0.00 | 162,442.54 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8030 · Auto Expense | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| 8040 · Bank Charges | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| 8050 · Computer Licensing | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8070 · Donations - Community | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8080 · Dues & Subscriptions | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8090 · Gifts | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8100 · Insurance | 96,680.00 | 258,055.72 | 34,804.80 | 34,804.80 | 34,804.80 | 34,804.80 |
| 8210 · Janitorial Services | 1,315.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8250 · Consulting Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8300 · Legal & Professional Fees | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| 8400 · Licenses & Permits | 400.00 | 0.00 | 0.00 | 400.00 | 0.00 | 0.00 |
| 8410 · Meals & Entertainment | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| 8420 · Office Expense | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 |
| 8430 · Employee Appreciation | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8500 · Payroll | 112,000.00 | 67,320.00 | 40,392.00 | 40,392.00 | 40,392.00 | 40,392.00 |
| 8600 · Repair & Maintenance | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| 8800 · Telephone Expense | 5,700.00 | 2,850.00 | 2,850.00 | 2,850.00 | 2,850.00 | 2,850.00 |
| 8810 · Training | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8820 · Travel | 15,000.00 | 5,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| 8840 · Utilities | 8,000.00 | 18,224.32 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| **Total Expense** | 263,895.00 | 538,492.58 | 125,646.80 | 126,046.80 | 125,646.80 | 125,646.80 |
| **Net Ordinary Income** | -487,695.00 | 13,019.42 | 314,137.20 | 221,737.20 | 322,137.20 | 518,137.20 |

Assumptions: Revenue

Regular Revenue is based off of current conditions

A/R Recovery

| | |
|---|---|
| 30% of total A/R @ $66,000,000 | $ 19,800,000.00 |
| 15% received through A/R firm | $ 2,970,000.00 |
| 80% revenue to company | $ 2,376,000.00 |

*to be spread over 5 months*

Assumptions :Expense

Most expenses reduce by 40% in second month

Most expenses reduce by an additional 40% in third month



EXHIBIT

"A"

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| CONFIRMATRIX LABORATORY, INC. | Case No.: 16-69934 |
| Debtor. | |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
## BY DEBTOR-IN-POSSESSION PURSUANT TO 11. U.S.C. §§ 361 and 363

This matter comes before the Court on Confirmatrix Laboratory. Inc. ("**Debtor**") *Motion for Interim and Final Orders Authorizing Interim and Final Use Cash Collateral by Debtor-In-Possession Pursuant to 11 U.S.C.§§ 361 and 363* (the "**Motion**") [ECF Doc. No. ____].[10] Having reviewed and considered the record, held an interim hearing on the Motion on November ___, 2016, and considered the evidence presented at the interim hearing and any objections raised, this Court finds as follows:[11]

1.     On November 4, 2016 (the "**Petition Date**"), Debtor filed its petition for relief under the provisions of Chapter 11 of the Bankruptcy Code. Debtor is operating its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.     No creditor's committee or trustee or examiner has been appointed in this case.

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[10] All capitalized terms not otherwise defined shall have the meanings set forth in the Motion.
[11] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

4.      Debtor is a Georgia corporation with a principal place of business located at 1770 Cedars Road, Suite 200, Lawrenceville, GA 30045.

5.      Debtor's business is providing laboratory services, including, but not limited to, comprehensive clinical quantitative urine, blood, and oral fluid drug testing, medication monitoring, and support services.

6.      As of the Petition Date, Debtor was allegedly indebted to SunTrust Bank ("**SunTrust**") in the approximate principal amount of $4,000,000.00. The repayment of the obligations to SunTrust is purportedly secured by a security interest in substantially all of Debtor's assets (the "**SunTrust Collateral**"), including accounts receivable, inventory, and equipment, but excluding the Debtor's headquarters and operational building (the "Real Property").   The accounts receivable and the cash derived from the operation of Debtor's business constitute "cash collateral" within the meaning of §§ 363(a) and (c) of the Bankruptcy Code, and such monies are referred to herein as "**Cash Collateral**."

7.      Debtor asserts that it requires the immediate use of certain Cash Collateral to continue its business operations and to avoid disastrous interruptions.  Debtor further asserts that serious and irreparable harm to Debtor and its estate will occur absent Debtor's ability to use the Cash Collateral.

8.      Debtor proposes to use the Cash Collateral in the amounts and for the purposes specified in the budget set forth on Exhibit A, as such may be updated from time to time, attached to this proposed Order (the "**Budget**").

9.      Debtor provided actual notice by first class United States mail, of the Motion and

12

the relief requested therein to all entities claiming an interest in the Cash Collateral, to each of Debtor's twenty (20) largest unsecured creditors, and the United States Trustee.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

10.    Initial Findings.  The Court finds that (a) adequate notice of the Motion and an opportunity for a hearing have been given in accordance with the provisions of §§ 102, 105, 361, and 363, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of this Court; and (b) with respect to the authorization given hereunder pursuant to Bankruptcy Rule 4001(b), no further notice relating to this Order is necessary or required.

11.    Authorization to Use Cash Collateral. The Motion is GRANTED on an interim basis until the Final Hearing. Accordingly, the use of the Cash Collateral in accordance with the terms and conditions set forth in this Interim Order is hereby authorized on an interim basis until the Final Hearing.

12.    Cash Collateral Use Authorized. Until the Final Hearing, Debtor shall be authorized to use the Cash Collateral in accordance with the attached Budget to pay (a) the fees of the United States Trustee's Office pursuant to 28 U.S.C. § 1930 or otherwise, and (b) the monthly ordinary course expense items that pertain to the operations of Debtor's business.  The Budget may be updated from time to time with the written consent of SunTrust or by separate order of the Court.  Debtor is permitted to exceed any line item in the Budget by no more than fifteen (15%) percent without prior approval of SunTrust; provided, however, Debtor is required to seek SunTrust's permission for anything over that amount.

13.    Reporting.  The monthly operating report filed with the Court each month shall

13

serve as a reconciliation and report of the source of the Cash Collateral collected during the immediately preceding month, the disbursements of all Cash Collateral, and a summary of accounts receivable.

14.    <u>Adequate Protection Liens Granted to SunTrust.</u>    As adequate protection for Debtor's use of Cash Collateral, SunTrust is granted the following replacement liens ("**Adequate Protection Liens**"):

a. A replacement lien in the SunTrust Collateral to the same extent, validity and priority of SunTrust's pre-petition liens thereon; and

b. A lien in the Real Property which can only be enforced to the event the value of the SunTrust Collateral ultimately is less than the allowed claim of SunTrust.

15.    <u>Reservation of Rights</u>. This Interim Order shall not be construed as prejudicing any rights that Debtor, a subsequent Chapter 11 trustee, any creditor of Debtor including SunTrust, or any committee of unsecured creditors may have to (a) object to the amount of or basis for any claims asserted against Debtor by SunTrust; (b) challenge the validity, extent, or priority of SunTrust's lien in the Cash Collateral; or (c) as an admission as to the validity or priority of any claim against Debtor.

16.    <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct or indirect, or incidental beneficiary.

17.    <u>Service of Order</u>. Debtor's counsel shall promptly serve a copy of this Interim Order on the U.S. Trustee's Office, the twenty (20) largest unsecured creditors, and any other

14

party requesting notice in this case and shall file a certificate of service.

18.    <u>Effect of This Order</u>. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *nunc pro tunc* to the Petition Date immediately upon execution thereof.

19.    <u>Termination of Cash Collateral Usage</u>.    Debtor's authorization to use Cash Collateral shall terminate immediately upon the occurrence of any one or more of the following events: (i) the conversion or dismissal of Debtor's chapter 11 case; or (ii) the entry of a Final Order on the Motion.

20.    <u>Retention of Jurisdiction</u>. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**IT IS HEREBY FURTHER ORDERED AND NOTICE IS HEREBY GIVEN THAT:**

**THE COURT SHALL HOLD A FINAL HEARING (THE "FINAL HEARING") ON THE Motion in Courtroom _____, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, at _____ a.m./p.m. on the _____ day of _____, 2016. A written objection MUST BE filed with the Clerk of the United States Bankruptcy Court, Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, and served upon counsel for Debtor, J. William Boone, James-Bates-Brannan-Groover-LLP, 3366 Peachtree Rd. N.E., Suite 1700, Atlanta, GA 30326, by _____ unless the court shortens or extends the time for filing such**

15

**objection. If you fail to APPEAR AT THE HEARING, YOUR objection may be stricken.**

END OF DOCUMENT

Prepared by:

/s/ J. William Boone
J. William Boone
Georgia Bar No. 067856
Doroteya N. Wozniak
Georgia Bar No. 627491
James-Bates-Brannan-Groover-LLP
3399 Peachtree Road, N.E., Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
bboone@jamesbatesllp.com
dwozniak@jamesbatesllp.com
*Counsel for Confirmatrix Laboratory, Inc.*

Identification of parties to be served pursuant to BLR 9013-2(b) NDGa.:

See Attached Service List

16

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | Chapter 11 |
| CONFIRMATRIX LABORATORY, INC. | Case No.: 16-69934 |
| Debtor. | |

### CERTIFICATE OF SERVICE

I hereby certify that on this day, I served true and correct copies of the foregoing pleading by depositing said copies in the United States mail, with adequate first class postage affixed thereon, properly addressed to the parties on the service list as follows:

<u>Service List Attached</u>

This 4th day of November, 2016.

/s/ Doroteya N. Wozniak
Doroteya N. Wozniak
Georgia Bar No. 627491

17

360 Medical Supplies, Inc.
815 Progress Court Suite A
Lawrenceville, GA 30043

Newegg, Inc
Attn: Accts Receivable
17560 Rowland St
Rowland Heights, CA 91748

AT&T
P.O. Box 105262
Atlanta, GA 30348-5262

Phenomenex
P.O. Box 749397
Los Angeles, CA 90074

Bio Rad
P.O. Box 849740
Los Angeles, CA 90084-9740

Quest Diagnostics
P.O. Box 740736
Atlanta, GA 30374-0736

Blue Cross Blue Shield of GA
P.O. Box 5281
Carol Stream, IL 60197-5281

Siemens Healthcare Diagnostics
P.O. Box 121102
Dallas, TX 75312-1102

Compliance S.O.S.
2001 Big Sky Lane
Franklin, TN 37067

Sun Life Financial
P.O. Box 7247-0381
Philadelphia, PA 19170-0381

FedEx
P.O. Box 660481
Dallas, TX 75266-0481

The Hartford
P.O. Box 660916
Dallas, TX 75266-0916

GNOS Medical
Suite 1800
1130 Hurricane Shoals Rd, NE,
Lawrenceville, GA 30043

TransProma INc.
3145 Northwoods Pwky Suite 300
Norcross, GA 30071

Garner Group, LLC
1206 State Blvd
Franklin, TN 37064

UCT, LLC
2731 Bartram Road Bristol
Bristol, PA 19007

Georgia Power
96 Annex
Atlanta, GA 30396-0001

UPS
P.O. Box 7247-0244
Philadelphia, PA 19170-0001

Gwinnett Co. Tax Commissioner
P.O. Box 372
Lawrenceville, GA 30046

Wondfo USA Co. Ltd
545 Willowbrook Center Pkwy
Unit B
Willowbrook, IL 60527

SunTrust Bank
Perimeter Center Parkway
GA-Atlanta-0039
Atlanta, GA 30346

Office of the United States Trustee
Suite 362, Russell Federal Building
75 Ted Turner Drive
Atlanta, GA 30303

SunTrust Equipment Finance & Leasing Corp
300 East Joppa Road
7th Floor
Towson, MD 21286

American Express
Box 360001
Fort Lauderdale, FL 33336.0001

18