UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CONFIRMATRIX LABORATORY, INC. | : | CASE NO. 16-69934 -PWB |
| | : | |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTOR'S MOTION FOR AN ORDER APPROVING
STRUCTURED DISMISSAL OF CASE**

COMES NOW Daniel M. McDermott, United States Trustee for Region 21 (the "United States Trustee"), in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and files the following Objection to Debtor's Motion for Order Approving Structured Dismissal of Case (the "Motion") (Doc. No. 244).

1. Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 4, 2016 (the "Petition Date"), and remains in possession and control of the assets and operations of the resulting bankruptcy estate as debtor in possession.

2. Under 28 U.S.C. § 586(a), the United States Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.

3. Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee's duties include supervising the administration of chapter 11 cases. The United States Trustee files this objection in furtherance of his duties and responsibilities pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

4. During the pendency of the case, Debtor sold certain assets of the bankruptcy estate, collected accounts receivable, and is presently holding excess proceeds.

5. On May 21, 2018, Debtor filed the Motion, which seeks authority to:

    a)  Pay the remaining three allowed administrative claims on a pro rata basis; and

    b)  Dismiss Debtor's case.

  6.  Debtor is seeking what is commonly referred to as a "structured" or "conditional" dismissal.

  7.  Debtor relies on section 1112 for the relief it is requesting.

**There is no statutory authority for a structured dismissal.**

  8.  There is no statutory authority to pay chapter 11 creditors outside of a confirmed plan. *See* 11 U.S.C. § 101, et seq.

  9.  "Neither the word 'structured' nor the word 'conditions,' nor anything else about distributing estate value to creditors pursuant to a dismissal appears in any relevant part of the Code." *In re Jevic*, 137 S. Ct. 973, 984 (2017).

  10.  The Supreme Court in *Jevic* went on to state,

> [n]othing else in the Code authorizes a court ordering a dismissal to make general end-of-case distributions of estate assets to creditors of the kind that normally take place in a Chapter 7 liquidation or Chapter 11 plan—let alone final distributions that do not help to restore the status quo ante or protect reliance interests acquired in the bankruptcy . . . .

*In re Jevic*, 137 S. Ct. at 984-85.

  11.  The Bankruptcy Code contemplates only three exits from chapter 11 – (i) confirmation of a plan of reorganization; (ii) conversion to chapter 7; or (iii) and dismissal, without any distributions or conditions.

  12.  Debtor has cited to no statutory authority to support its position that the proposed distributions, outside the context of a confirmed plan of reorganization or conversion to chapter 7, are appropriate.

**Structured dismissals lack necessary procedural safeguards for creditors.**

13. Each of the three options for exiting chapter 11 provides certain procedural or statutory protections to creditors who find themselves involved in the case.

14. With respect to confirmation of a plan of reorganization, creditors are entitled to receive, prior to determining whether to accept the proposed plan,

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

15. Additionally, acceptances of a plan may not be solicited unless the solicitation is accompanied by at least a summary of the plan and a written, approved disclosure statement. 11 U.S.C. § 1125(b).

16. Once a debtor has complied with the disclosure provisions, before a plan can be confirmed, creditors have additional safeguards in the form of their voting rights and the proposed plan's satisfaction of each applicable element of section 1129.

17. With respect to conversion to chapter 7, creditors benefit from statutory checks and balances.

18. In chapter 7, a disinterested trustee is required to (i) account for all estate assets; (ii) file a final report addressing all assets, quantifying all claims, and quantifying proposed distributions; and (iii) file a final account after distributing assets in accordance with the filed final report. 11 U.S.C. § 704.

19. Dismissal of a bankruptcy case is supposed to return the parties to the prepetition status quo. *In re Jevic*, 137 S. Ct. at 984 (citing § 349(b)(1) (dismissal ordinarily reinstates a variety of avoided transfers and voided liens); § 349(b)(2) (dismissal ordinarily vacates certain types of bankruptcy orders); § 349(b)(3) (dismissal ordinarily "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case"); H. R. Rep. No. 95–595, p. 338 (1977) (dismissal's "basic purpose ... is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case")).

20. Section 349 allows the effect of dismissal to be altered for cause "to give courts the flexibility to 'make the appropriate orders to protect rights acquired in reliance on the bankruptcy case.'" *In re Jevic*, 137 S. Ct. at 984. (*citing* H.R.Rep. No. 95–595, at 338; *cf., e.g.*, *Wiese v. Community Bank of Central Wis.*, 552 F.3d 584, 590 (7th Cir. 2009)).

**21.** "'Cause' under § 349 means an acceptable reason. Desire to make an end run around a statute is not an adequate reason." *In re Sadler*, 935 F.2d 918, 921 (7th Cir. 1991).

**Debtor's proposed dismissal**

22. Debtor appears to concede that cause under section 1112 exists to dismiss or convert its case – "Debtor lacks the ability to reorganize and submits that cause exists to grant dismissal of the case to avoid the costs in connection with a liquidating Chapter 11 plan of reorganization or a conversion of a Debtor's case to a Chapter 7 proceeding". (Motion, at pg. 8).

23. In a case where cause exists under section 1112, and the debtor has assets on hand to disburse, dismissal is not the only available option to the Court. Under section 1112, the court "shall convert a case under this chapter to a case under chapter 7 *or* dismiss a case under this

chapter, *whichever is in the best interests of creditors of the estate.*"  11 U.S.C. § 1112(b)(1) (emphasis added).

24.  Debtor argues that disbursement of funds, as proposed in its Motion, is also appropriate because the distribution scheme is in accordance with the priority scheme set forth in Chapter 11 of the Bankruptcy Code. (Motion, at pg. 8).

25.  Debtor fails to articulate appropriate cause, other than an end run around the requirements of chapter 11 and the procedural safeguards of chapter 7, for why the proposed disbursements should not be made by a chapter 7 trustee after conversion of the case.[1]

26.  Debtor did not articulate appropriate cause for avoiding the statutory effect of dismissal and what, if any, the practical effects would be on all creditors and parties in interest.

27.  Specifically, the Debtor has failed to articulate why conversion to Chapter 7 would not be in the best interests of the Debtor, its creditors and its estate.

28.  Conversion to Chapter 7, rather than dismissal of this case, is appropriate.

29.  The two-year limitations period under section 546 has not yet expired, a chapter 7 trustee would have one year from appointment to review and commence avoidance proceedings as appropriate.  11 U.S.C. §546(a)(1)(B).  Exhibit A to the Debtor's Statement of Financial Affairs lists numerous payments made within the 90 day period prior to the filing of the Debtor's Chapter 11 case, including, but not limited to, a $82,431.12 payment to American Express, a $18,750.00 payment to Kipu Systems, LLC, a $22,182.22 payment to UPS, and a $25,174.04 payment to Siemens Healthcare.  A chapter 7 trustee should be appointed to independently review all transactions made within the 90 day period prior to the filing of the Debtor's case to determine

---

[1] Since Debtor is administratively insolvent, conversion is the only alternative, as the Debtor will be unable to confirm a liquidating plan.

- 5 -

whether the payments were made in the ordinary course, or whether they were payments on antecedent debts.

30. A Chapter 7 trustee can also independently review the Debtor's financial records to verify that there were no payments to insiders within the one year period prior to the commencement of the Debtor's Chapter 11 case that were not disclosed.

31. A Chapter 7 trustee will have the ability to review and continue to attempt to collect the outstanding accounts receivable. The April 2018 monthly operating report reflects $51,000,000 in aged accounts receivable (over 90 days old). The Debtor's retained collection agency estimated it could collect $4,000,000.00. However, it only collected approximately $500,000.00. A chapter 7 trustee, who has a fiduciary duty to collect assets for the benefit of creditors, should be afforded the opportunity to review the accounts receivable and determine whether they can be collected. Moreover, a chapter 7 trustee can retain counsel to commence lawsuits to collect these receivables.

32. The balance sheet attached to the Debtor's April 2018 monthly operating report reflects various potential assets that require further explanation and review by a chapter 7 trustee (Doc. No. 246). The balance sheet discloses (a) accounts receivable for supplies in the amount of $1,030,832.00, which do not appear to be a part of the patient accounts receivable collections, (b) a loan to Premier Worldwide in the amount of $3,070,000.00, which appears to be a loan receivable, and (c) a loan to Haran Sarhan in the amount of $338,000.00 which appears to be a loan receivable. A chapter 7 trustee should be appointed to examine these transactions and determine whether these receivables are collectible for the benefit of creditors.

33. Finally, the Debtor's Motion appears to create a "class within a class", as the Debtor proposes to distribute the remaining cash on hand *pro rata* between the Debtor's attorneys, its

accountants, and Blue Cross Blue Shield (Motion, at pg. 6). However, the Debtor's attorneys and accountants have already been paid 38% of their allowed claims. (Motion, at pgs. 4-5). The Motion does not disclose whether Blue Cross Blue Shield has received any interim distribution on its post-petition claims, and if so, what percent of its claim was paid. The Motion fails to disclose whether there is a mechanism in place to ensure that these creditors receive the same *pro rata* distribution.

34. Although the Debtor proposes to avoid the costs associated with conversion to Chapter 7, appointment of Chapter 7 trustee is the best vehicle to ensure that all potential assets are properly collected and liquidated for the benefit of creditors.

35. The United States Trustee submits that the appointment of a Chapter 7 trustee is in the best interests of the Debtor, its estate and its creditors. In the absence of statutory authority to pay creditors outside of a confirmed chapter 11 plan or conversion to chapter 7, the Motion should be denied.

WHEREFORE, the United States Trustee requests the court issue an order denying the Motion and granting such other and further relief as the court deems appropriate.

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE
REGION 21

By: _____*/s/*_____
Martin P. Ochs
NY Bar No. MO-1203
GA Bar No. 091608
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4437
Martin.P.Ochs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify on June 7, 2018, I caused a true and correct copy of the United States Trustee's Objection to Debtor's Motion for Structured Dismissal of Case to be sent by First Class United States Mail to the following parties in interest:

**Confirmatrix Laboratory, Inc.**
c/o Ann Durham
P.O. Box 1084
Dacula, GA 30019-9998

**J. William Boone**
James-Bates-Brannan-Groover-LLP
Suite 1700
3399 Peachtree Road
Atlanta, GA 30326

By: _____/s/_____
Martin P. Ochs
Trial Attorney