UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>CONFIRMATRIX LABORATORY, INC., | Chapter 11<br><br>Case No.: 16-69934-PWB |

### DECLARATION OF GREGORY J. WACHOWIAK

I, Gregory J. Wachowiak, hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief after due inquiry as described herein:

1. I am the President of NYX Health Recovery Services, LLC ("NYX"), a company that provides accounts receivable recovery services, which maintains its office at 8440 Holcomb Bridge Road, Suite 560, Alpharetta, Ga. 30022.

2. I submit this declaration in connection with the Debtor's Motion For Structured Dismissal (the "Motion"). Unless otherwise stated in this Declaration, I have personal knowledge of each of the facts set forth in this declaration, and if called to testify as a witness, I could and would competently do so.

3. NYX is not affiliated in any way with Debtor, has no overlapping shareholders, and has had no prior business dealings with Debtor prior to being retained in this bankruptcy case.

CHAPTER 11 - 1

4. The NYX management team has over 75 combined years of experience in the healthcare industry recovering new and aged accounts receivable from third party payors. NYX has on going accounts receivable recovery contracts with multiple medical laboratories and possesses the skill and knowledge necessary to successfully recover the accounts receivable for the Debtor in this case. The NYX coding team is certified by the AAPC as Certified Outpatient Coders ("COC"), Certified Inpatient Coders ("CIC"), and Certified Professional Coders ("CPC") and our credentialing specialists have obtained certification as Certified Provider Credentialing Specialists ("CPCS").

5. In December 2016, NYX Health Recovery Services, LLC ("NYX") was retained to collect the aged insurance accounts receivable of Confirmatrix Laboratory, Inc. ("CLI") for a period of one year, generally covering all of 2017. In connection with its collection efforts, NYX became very familiar with CLI's current and aged accounts receivable.

6. From my experience and familiarity with the CLI accounts receivable, I believe that the collection of all realizable accounts receivable has been maximized to the best of CLI's and NYX's ability. Since its retention, NYX worked to collect approximately $38,911,610 of insurance receivables aged between one hundred and twenty-days and two years. Of that amount, approximately $302,102.63 were collected and through NYX's assistance, certain groupings of patient accounts receivable were sold, generating over $400,000 in additional collections for CLI. The collection amount by NYX represents a collection rate of less than .5%.

CHAPTER 11 - 2

7. During NYX's collection efforts, we encountered numerous unanticipated difficulties with processing CLI's insurance accounts receivable such as the patient file having basic incomplete information, federal insurance company account freezes, insurance companies (private and federal) asserting significant setoffs against current receivables or declining payment. NYX believes that all accounts receivable, both insurance and patient, which could be realized have been realized through either collection or sale.

8. The remaining amounts of accounts receivable are primarily patient accounts receivable which are missing key information such as social security numbers, dates of birth, addresses, etc. I do not believe that such accounts could generate sufficient collection sufficient to exceed the collection expenses. It is primarily for this reason that NYX declined CLI's request to renew its collection agreement for an additional one year term.

9. The buyer for the last set of CLI's patient accounts receivable specifically requested that CLI remove any accounts which are missing such key information. That subset alone included approximately $62,000,000 ($62 million) of accounts receivable. Based on that, I do not believe that it will be economically feasible to either pursue retaining a different collection company to try to collect the same or prepare the accounts to be sold to a third-party purchaser.

Executed this _18_ day of June, 2018, at Alpharetta, Georgia.

Gregory J. Wachowiak

CHAPTER 11 - 3